Robert A Dolinko, State Bar No. 76256
rdolinko@nixonpeabody.com
CHARLES M. DYKE (State Bar No. 183900)
cdyke@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
Tel: 415-984-8200
Fax: 415-984-8300

Attorneys for Defendant
HERTZ LOCAL EDITION
TRANSPORTING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY BELTON, individually, and on behalf of the general public, and as an "aggrieved employee" under the California Labor Code Private Attorney Generals Act, | Case No. |
| | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446, AND 1453** |
| Plaintiff, | |
| vs. | |
| HERTZ LOCAL EDITION TRANSPORTING, INC.; and DOES 1 through 100, inclusive, | **[INCLUDING DECLARATIONS OF TIA JAMES AND JOHN CONCEPCION IN SUPPORT THEREOF]** |
| Defendant. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF TROY BELTON AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332(a) and (d), 1441, 1446, and 1453, Defendant Hertz Local Edition Transporting, Inc. ("Hertz" or "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§

4819-1083-7127.4

1332(d) and 1453, because minimum diversity exists, and the amount in controversy exceeds $5 million.  In addition, this Court has original subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000.  Hertz states the following in support of this removal:

## I.   PLEADINGS, PROCESS, AND ORDERS

1.   On or about September 21, 2018, Plaintiff Troy Belton ("Plaintiff") filed an unverified complaint in the Superior Court of the State of California for the County of Alameda, entitled *Troy Belton et al. v. Hertz Local Edition Transporting*, Case No. RG18921877 (hereinafter the "State Court Action").  Plaintiff alleges that he was employed by Hertz as a Transporter and constructively terminated on July 20, 2017.  (Complaint, ¶ 10.)

2.   The Complaint alleges nine causes of action.  The first cause of action is brought by Plaintiff individually and on his own behalf for constructive discharge in violation of public policy.  The second through eighth causes of action are brought under the California Private Attorneys General Act ("PAGA") for penalties on behalf himself and all other "aggrieved employees" for: (2) violation of Oakland Municipal Code § 5.92, (3) failure to provide rest and meal breaks, (4) failure to pay timely wages, (5) failure to furnish complete and accurate itemized wage statements, (6) failure to pay all wages due upon termination, (7) failure to reimburse for necessary business expenses, and (8) failure to provide overtime pay.  Plaintiff's ninth cause of action is a claim for Violation of Business and Professions Code § 17200 *et seq*., by which Plaintiff seeks restitution of wages on behalf of himself and "aggrieved employees" for various alleged violations, including failure to pay overtime, failure to provide rest and meal breaks, failure to pay minimum wage, and failure to reimburse for necessary business expenses.

3.   The Complaint, Summons, Civil Case Cover Sheet, and Notice of Case Assignment were served upon Hertz on January 18, 2019.  Plaintiff served a Case

Management Statement on Defendant by mailing it on January 31, 2019. True and correct copies of Plaintiff's Complaint, Summons, Civil Case Cover Sheet, Notice of Assignment of Judge, Notice of Case Management Conference and Order, and Plaintiff's Case Management Statement are attached as <u>Exhibit A</u>.

4.      On February 13, 2019, Defendant filed in the State Court its Answer to the Complaint, as required by the Cal. Code of Civil Procedure. A true and correct copy of the Answer is attached hereto as <u>Exhibit B</u> and is incorporated herein by this reference as if set forth in full.

5.      Defendant has not filed, served, or received any papers or pleadings in the State Court Action (save and except written discovery served by Plaintiff) other than those documents attached as Exhibits A and B.

6.      This Notice is timely filed in that it is filed within 30 days of service of the Summons and Complaint on Hertz, the only defendant named in the lawsuit. *See* 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6.

## II.     THIS COURT HAS JURISDICTION OVER THIS CASE UNDER CAFA, 28 U.S.C. § 1332(d)

7.      Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class in which … (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). CAFA authorizes the removal of such actions in accordance with 28 U.S.C. §§ 1441 and 1446.

8.      This action is, in effect, a class action pursuant to California Code of Civil Procedure § 382. Specifically, with respect to Plaintiff's ninth cause of action on behalf of the "aggrieved employees" for Violation of Business and Professions Code § 17200 et seq., the California Supreme Court has held that "a private party may pursue a representative action under the unfair competition law only if the party 'complies with Section 382 of the Code of Civil Procedure' [and] such an action must

1   meet the requirements for a class action." *Arias v. Sup. Ct.*, 46 Cal. 4th 969, 960

2   (citations omitted); *see also Amalgamated Transit Union, Local 1756, AFL-CIO v.*

3   *Sup. Ct.*, 46 Cal. 4th 993, 998 ("[M]ust a representative action under the unfair

4   competition law be brought as a class action?  The answer is 'yes'").

5          9.      As set forth below, this Court has jurisdiction over this case under

6   CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions

7   of 28 U.S.C. 1441(a), in that it is a civil action wherein: (A) there is diversity between

8   at least one class member and Defendant; (B) the proposed class contains at least 100

9   members; (C) Hertz is not a state, state official, or governmental entity; and (D) the

10  total amount in controversy for all class members exceeds $5,000,000.

11         **A.     Diversity Of Citizenship**

12         10.     CAFA's diversity requirement is satisfied when at least one plaintiff is

13  a citizen of a state in which the defendant is not a citizen.  *See* 28 U.S.C. §§

14  1332(d)(2)(A), 1453.

15         11.     For diversity purposes, a person is a "citizen" of the state in which he or

16  she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir.

17  1983).  A person's domicile is the place he or she resides with the intention to remain,

18  or to which he or she intends to return.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d

19  853, 857 (9th Cir. 2001).

20         12.     Plaintiff is, and was at all material times, a citizen of the State of

21  California.  (Complaint, ¶ 2.)  Plaintiff has lived in Contra Costa County, California

22  for many years.  According to Defendant's records, Plaintiff has a current California

23  driver's license reflecting a last known address in Contra Costa County, California.

24  He has been and remains domiciled in California, and was and remains a citizen of

25  California.  (*See* Declaration of John Concepcion ("Concepcion Decl."), ¶ 4.)

26         13.     Hertz is a Delaware corporation with its corporate headquarters and

27  principal place of business in the State of Florida.  Its high-ranking officers maintain

28  their offices in Estero, Florida, and direct and control the operations of Hertz from

that place of business.  (*See* Concepcion Decl. ¶ 3.)  There is no doubt that Florida, and not California, is Hertz's principal place of business.  *See also Hertz v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010) (court clarified that state where corporate headquarters is located is state which has its principal place of business).

14.    Based upon all the foregoing, Hertz is not a citizen of the State of California, and is not a "citizen of the State in which the action was originally filed." Plaintiff is thus a "citizen of a State different from" Defendant under CAFA.  28 U.S.C. § 1332(d)(2)(A).

**B.    The Proposed Class Contains At Least 100 Members**

15.    CAFA requires that the putative class must have 100 or more class members for the district court to exercise jurisdiction.  28 U.S.C. § 1332(d)(5)(B). Based on the allegations of Plaintiff's ninth cause of action for Violation of California Business and Professions Code § 17200 *et seq*., Plaintiff plainly seeks to represent a class of all current and former Hertz employees in California employed as a Transporter from September 21, 2014, to September 21, 2018 - the period covered by the applicable statute of limitations.  (*See* Complaint, ¶¶ 10, 79.)

16.    The total number employees who worked as a Transporter in California from September 21, 2014, to September 21, 2018, is approximately 1,123 individuals.  (*See* Declaration of Tia James ("James Decl."), ¶ 3.)  Thus, the proposed class in this lawsuit is in excess of the 100-person minimum required for CAFA jurisdiction.

**C.    Hertz Is Not A Governmental Entity**

17.    Defendant is not a state, state official, or other government entity.  Hertz is a Delaware corporation with its corporate headquarters and principal place of business in the State of Florida.  (Concepcion Decl., ¶ 3.)

**D.    The Aggregate Class Amount In Controversy Exceeds $5,000,000**

18.    CAFA requires that, for the district court to exercise jurisdiction, the matter in controversy must "exceed[] the sum or value of $5,000,000, exclusive of

1    interest and costs." 28 U.S.C. § 1332(d)(2). When determining the amount in

2    controversy, "the claims of the class members shall be aggregated." 28 U.S.C. §

3    1332(d)(6).

4        19.    Defendant can establish the amount in controversy by the allegations in

5    the Complaint, or by setting forth facts in the Notice of Removal that demonstrate

6    the amount in controversy exceeds the jurisdictional minimum with "legal certainty."

7    *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The Court

8    may consider whether it is facially apparent from the Complaint that the jurisdictional

9    amount is in controversy. *Conrad Assoc. v. Hartford Accident & Indemn. Co.*, 994

10   F. Supp. 1196 ,1198 (N.D. Cal. 1998). In addition to the contents of the removal

11   petition, the Court considers "summary-judgment-type evidence relevant to the

12   amount in controversy at the time of removal," such as affidavits and declarations.

13   *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Defendant is not

14   obliged to "research, state, and prove the plaintiffs claim for damages." *McCraw v.*

15   *Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994).

16       20.    In measuring the amount in controversy, a court must assume that the

17   allegations of the complaint are true and that a jury will return a verdict for the

18   plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan*

19   *Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate

20   inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what

21   a defendant will actually owe. *Rippee*, 408 F. Supp. 2d at 986.

22       21.    Defendant denies the validity and merit of all of Plaintiff's claims, the

23   legal theories upon which they are purportedly based, and the claims for monetary

24   and other relief that flow from them. However, for purposes of removal only, and

25   without conceding that Plaintiff or the putative class are entitled to any damages or

26   penalties, it is readily apparent that the aggregated claims of the putative class

27   establish an amount in controversy well in excess of the jurisdictional minimum of

28   $5,000,000.

22.    Plaintiff, on behalf of himself and the aggrieved employees, alleges a claim for Violation of Business and Professions Code § 17200, *et seq*.  This cause of action seeks restitution of wages for various alleged violations, including failure to pay overtime, failure to provide rest and meal breaks (and pay the one-hour premium owed resulting therefrom), failure to pay minimum wage, and failure to reimburse for necessary business expenses.  (Complaint, ¶¶ 77-79.)

23.    Claims of unlawful business practices under California Business and Professions Code §§ 17200, *et seq*., are subject to a four-year statute of limitations.  *See* Cal. Bus. & Prof. Code § 17208.  Accordingly, the relevant class period is measured from September 21, 2014, to September 21, 2018.

**1.    Unpaid Overtime Compensation Potentially Recoverable as Restitution Under California Business & Professions Code § 17200**

24.    Plaintiff's ninth cause of action for violation of Business and Professions Code § 17200 seeks restitution for allegedly unpaid overtime. (Complaint, ¶¶ 77-79.)  Plaintiff's unpaid overtime claim on behalf of the putative class is based upon the assertion that Plaintiff and other aggrieved employees were required to attend mandatory staff meetings once or twice a month, and that Plaintiff and other aggrieved employees were not permitted to take meal or rest breaks during the days of such mandatory staff meetings.  (Complaint, ¶ 14.)  Plaintiff alleges that Defendant did not compensate Plaintiff or the aggrieved employees with premium pay for missed meal and rest breaks and that "[a]s a result of Defendant[] crediting hours that [Plaintiff] worked as unpaid time spent on meal breaks, Defendant[] failed to pay Plaintiff and other aggrieved employees with overtime."  (Complaint, ¶ 16.)

25.    The 1,123 potential class members worked at Hertz for a conservative total of 92,039 workweeks during the putative class period.  (James Decl., ¶ 3.) Based on the allegations in the Complaint (that aggrieved employees worked one to two hours of uncompensated overtime per month; Complaint ¶¶ 14-16) and multiplying

the average of 1.5 hours of unpaid overtime for every roughly four weeks worked by the 1,123 potential class members, the aggrieved employees allegedly worked 34,515 unpaid overtime hours (i.e., 92,039 workweeks x 0.25 [for every four workweeks] x 1.5 hours of overtime).

26.    To determine the monetary amount at issue, the total number of hours is multiplied by one and one-half times (1.5) the employees' hourly rate for each hour of unpaid overtime.

27.    Plaintiff was paid an hourly rate of $12.86.  (Complaint, ¶ 10.)  The average hourly rate for Transporters during the putative class period is $10.64. (James Decl., ¶ 4.)

28.    Using the average hourly rate for Transporters of $10.64 per hour, the overtime rate is $15.96 (i.e., $10.64 x 1.5 = $15.96).  Applying this hourly overtime rate of $15.96 to the approximately 34,515 overtime hours owed during the putative class period, the amount in controversy for the putative class members' claim amounts to $550,875.36 (i.e., $15.96 overtime rate x 34,516 overtime hours = $550,875.36), all of which is separate from any applicable penalties, interest, and attorneys' fees.

| Class | Alleged Overtime Hours | Overtime Rate | Potential Unpaid Overtime Recoverable as Restitution Under B&P Code § 17200 |
|---|---|---|---|
| Transporters | 34,515 | $15.96 | $550,875.36 |

2.    **Compensation for Missed Meal Periods Potentially Recoverable as Restitution Under California Business & Professions Code § 17200**

29.    Plaintiff's ninth cause of action for violation of Business and Professions Code § 17200 seeks restitution for Defendant's alleged failure to provide meal breaks.  (Complaint, ¶¶ 77-79.)  Thus, Plaintiff seeks restitution for allegedly unpaid wages for missed meal breaks in the amount of one hour of pay at their regular

4819-1083-7127.4

rate of compensation for each workday that a missed meal period was not provided. (Prayer for Relief; *see also* Cal. Lab. Code § 226.7(b)).

30.    Plaintiff alleges without qualification that "Plaintiff and other aggrieved employees were not provided the opportunity to take meal and rest periods as required." (Complaint, ¶ 44.)  Defendant denies the validity and merit of Plaintiff's meal period claims.  However, Defendant assumes for purposes of CAFA removal only, that such alleged meal period violations occurred three times per workweek during the putative class period for the Transporters (i.e., during the 92,039 workweeks).  Acting under this assumption, the total number of missed meal periods at issue is 276,117 for the Transporters (i.e., 92,039 workweeks x 3 missed meal periods = 276,117).  Applying the average hourly rate of $10.64 to the 276,117 missed meal break claims is $2,937,884.88 (i.e., $10.64 hourly rate x 276,117 missed meal break = $2,937,884.88).

| Class | Alleged Missed Meal Breaks (Assuming 3 per workweek) | Hourly Rate | Potential Wages for Missed Meal Breaks Recoverable as Restitution Under B&P Code § 17200 |
|---|---|---|---|
| Transporters | 276,117 | $10.64 | $2,937,884.88 |

### 3.    Compensation for Missed Rest Breaks Potentially Recoverable as Restitution Under California Business & Professions Code § 17200

31.    Plaintiff seeks through his ninth cause of action for violation of Business and Professions Code § 17200 restitution for allegedly unpaid wages for missed rest breaks.  (Complaint, ¶¶ 77-79.)  Thus, Plaintiff seeks restitution for allegedly unpaid wages for missed rest breaks in the amount of one hour of pay at their regular rate of compensation for each workday that a missed rest break was not provided.  (Prayer for Relief; *see also* Cal. Lab. Code § 226.7(b)).

32.    Plaintiff alleges without qualification that "Plaintiff and other aggrieved employees were not provided the opportunity to take meal and rest periods as

required." (Complaint, ¶ 44.) Defendant denies the validity and merit of these claims. However, for purposes of removal only, Defendant calculates the amount in controversy for the missed rest break claims based upon the same calculation used to determine the amount in controversy for Plaintiff's missed meal period claims. Defendant assumes for purposes of CAFA removal only, that such alleged violations occurred three times per workweek during the putative class period for the Transporters (i.e., during the 92,039 workweeks). Acting under this assumption, the total number of missed rest breaks at issue is 276,117 for the Transporters (92,039 workweeks x 3 missed rest breaks = 276,117). Applying the hourly rate of $10.64 to the 276,117 missed rest breaks, a conservative estimate of the aggregate amount in controversy for the missed rest break claims is $2,937,884.88 (i.e., $10.64 hourly rate x 276,117 missed rest breaks = $2,937,884.88).

| Class | Alleged Missed Rest Breaks (Assuming 3 per workweek) | Hourly Rate | Potential Wages for Missed Rest Breaks Recoverable as Restitution Under B&P Code § 17200 |
|---|---|---|---|
| Transporters | 276,117 | $10.64 | $2,937,884.88 |

#### 4. Attorneys' Fees

33. Plaintiff also seeks to recover attorneys' fees pursuant to California Code of Civil Procedure § 1021.5. (Complaint, ¶ 79, Prayer for Relief.) It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees. *See, e.g., Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007); *Galt GIS v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts). Assuming a conservative attorneys' fee award of only 10% of the aforementioned amounts in controversy, the amount of attorneys' fees recovered by Plaintiff should he prevail will likely exceed $642,664.51 (i.e., $6,426,645 x 10% = $642,664). *See Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008)

("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.") (internal quotations and citation omitted).

### 5.    Total Amount in Controversy

34.    Based on the foregoing, the potential recovery for Plaintiff on his claim for restitution pursuant to California Business and Professions Code § 17200 for unpaid overtime wages and unpaid compensation for missed meal and rest breaks, plus his claim for attorneys' fees, is no less than $8,079,183.42, as summarized below:

| Plaintiff's Claim | Amount in Controversy |
|---|---|
| Restitution for Unpaid Overtime Wages | $550,875.36 |
| Restitution for Unpaid Compensation for Missed Meal Periods | $2,937,884.88 |
| Restitution for Unpaid Compensation for Missed Rest Breaks | $2,937,884.88 |
| Attorneys' Fees | $642,644.51 |
| **Amount in Controversy Subtotal** | **$7,069,309.63** |

35.    Based on the foregoing, this Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1441(a), as there is diversity between at least one class member and Defendant; the proposed class contains at least 100 members; Hertz is not a state, state official, or other governmental entity; and the total amount in controversy for all potential class members well exceeds $5,000,000.

### III.   THIS COURT ALSO HAS JURISDICTION UNDER 28 U.S.C. § 1332(A)(1)

36.    This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and this is an action that may be removed by Hertz pursuant to 28 U.S.C. § 1441. This is a civil action where the amount in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs, and it is between citizens of different states.

### A.    Complete Diversity Of Citizenship Exists

37.    A case may be heard in federal court under diversity jurisdiction if there is complete diversity, *i.e.*, all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the same state in which the action was brought. 28 U.S.C. § 1441(a), (b).  Here all requirements are met because Plaintiff is a citizen of California, and Hertz is not a citizen of California.  *See* Section II.A.

### B.    The Amount In Controversy Exceeds $75,000

38.    Federal district courts have original jurisdiction of civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  The amount in controversy here far exceeds $75,000.

39.    With respect to Plaintiff's individual claims as alleged in his causes of action, one through nine, the amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs.  It is well settled that, in determining whether a complaint meets the $75,000 threshold amount in controversy set forth in 28 U.S.C. § 1332(a), a court should consider the aggregate amount of the claims and value of the claims.  *Wolde-Meskel v. Vocational Instruction Project*, 166 F.3d 59, 62 (2nd Cir. 1999) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in the complaint, and, therefore, claims of a single plaintiff are aggregated in order to satisfy amount in controversy).  The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive this court of jurisdiction.  *See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining to place a specific dollar value upon its claim").  Defendant need only

1    establish by a preponderance of the evidence that Plaintiff's claims are likely to

2    exceed the jurisdictional minimum. *Sanchez*, 102 F.3d at 404.

3                    **1.    Plaintiff's Individual Claims**

4          40.    While Plaintiff does not allege an amount in controversy, he seeks

5    recovery on several fronts for himself alone, including compensatory damages for

6    alleged lost wages, benefits, and for emotional distress for his alleged termination in

7    breach of public policy.  (Complaint, ¶ 32; Prayer for Relief.)   Plaintiff left his

8    employment with Hertz on July 20, 2017 (over one year ago). (Complaint, ¶ 19.)  At

9    that time, Plaintiff alleges that he was earning $12.86 per hour.  (Complaint, ¶ 10.)

10   Plaintiff had been working an average of 30 hours per week.  (Concepcion Decl., ¶

11   5.)  Based on his allegations, Plaintiff seeks at least $20,061.60 in back pay (i.e., 6

12   hours x 5 days a week x 52 weeks x $12.86).

13         41.    Plaintiff alleges that he was not provided meal and rest periods as

14   required under California law.  (Complaint, ¶¶ 14, 44.)  As a result, he claims that he

15   is owed meal and rest period premiums of one additional hour of wage at his regular

16   rate for each missed meal and rest period.  (Complaint, ¶¶ 15, 42.)  According to

17   Plaintiff's Case Management Statement, he is owed "$10,000 in premium pay."

18         42.    Plaintiff alleges that because he was not paid meal and rest period

19   premiums, he is owed waiting time penalties under California Labor Code § 203.

20   (Complaint, ¶¶ 61-65.)  Section 203 provides that an employee who is not timely paid

21   at the time of termination must be paid a maximum of thirty days of wages.

22   According to Plaintiff's Case Management Statement, he is owed "$3,472 in

23   statutory penalties."  Plaintiff also asserts in his Case Management Statement that he

24   is entitled to damages of $8,000 in overtime, $5,000 in minimum wages, [and] $4,000

25   for non-compliant wage statements." Case Management Statement, ¶4(b), Exhibit A

26   hereto.

27         43.    Plaintiff alleges that as a result of his constructive discharge from Hertz,

28   he has suffered damages including damages for pain and suffering and emotional

distress.  (Complaint, ¶ 32.)  Plaintiffs alleging emotional distress as a result of wrongful termination regularly seek in excess of $75,000 in such damages.  *See Davis v. Ayala*, Case No. 3:09-cv-02629-SI, 2011 WL 7141949 (N.D. Cal. Dec. 15, 2011) (jury award of $200,000 for pain and suffering in case involving constructive discharge); *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000 for emotional distress damages); *Silo v. CHW Medical Foundation*, 86 Cal. App. 4th 947, 955 (2001) (jury award in excess of $75,000 in non-economic damages was upheld in a wrongful termination lawsuit); *Satrap v. Pacific Gas & Elec. Co.*, 42 Cal.App.4th 72, 76 (1996) (jury award in excess of $75,000 in non-economic damages was upheld).  An award of $50,000 for Plaintiff's emotional distress damages is a conservative figure.

### 2.   Attorneys' Fees

44.   Plaintiff's request for attorneys' fees may also be taken into account to determine jurisdictional amounts, if a statute authorizes fees to a successful litigant. *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).  Plaintiff has alleged several violations of the California Labor Code which authorizes attorneys' fees to a successful litigant.  (Complaint, ¶¶ 46, 51, 59, 65, 69, 73.)

45.   Although Hertz denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of 25% of the potential damages as the amount of attorneys' fees.  *See Molnar v. 1-800-Flowers.com, Inc.*, No. 08-CV-0542-CAS-JCx, 2009 WL 481618, at *5 (C.D. Cal. Feb. 23, 2009) ("fair estimate of attorneys' fees in this action is 25% of compensatory damages").  While Plaintiff seeks an unspecified amount of attorneys' fees, such fees must be considered in the amount in controversy calculation.

### 3. The Amount in Controversy Requirement is Met

46. Plaintiff does not limit the amount of damages he is seeking. Based on the allegations in the Complaint and his Case Management Statement, Plaintiff seeks to recover at least $50,533.60 for his claims for back pay, premium pay, unpaid overtime, unpaid minimum wages, penalties for non-compliant wage statements and statutory waiting time penalties alone. Adding to that figure his claims for emotional distress damages at $50,000 and attorneys' fees at just $25,000 brings the aggregate amount in dispute to a figure well above $75,000 (without even including any estimate for alleged punitive damages). Therefore, the amount in controversy requirement of 28 U.S.C. § 1332 has been met, and this action is removable to this Court pursuant to 28 U.S.C. § 1441.

## IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

47. Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(a). This action was originally brought in the Superior Court of the State of California, County of Alameda and arises in part out of Plaintiff's employment in the County of Alameda. (Complaint, ¶¶ 1, 10.) Therefore, this is the appropriate court for removal.

48. As required by 28 U.S.C. § 1446(d), Hertz will provide notice of this removal to Plaintiff through his attorneys of record.

49. As required by 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Superior Court of the State of California, County of Alameda. Hertz has sought no similar relief.

50. If any question arises as to the propriety of the removal of this action, Hertz requests the opportunity to present a brief in support of its position that this case is removable.

///

4819-1083-7127.4

1    WHEREFORE, Defendant Hertz Local Edition Transporting, Inc. respectfully

2  requests that this action be removed from the Superior Court of the State of California

3  in and for the County of Alameda to the United States District Court for the Northern

4  District of California, and that all future proceedings in this matter take place in the

5  United States District Court for the Northern District of California.

6

7

8  Dated:  February 15, 2019          NIXON PEABODY LLP

9

10                              By: /s/ Robert A. Dolinko

                                   Robert A. Dolinko
11                                  Attorneys for Defendant
                                   HERTZ LOCAL EDITION
12                                  TRANSPORTING, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

09/21/2018   13:25 PM PDT   TO:15102675739   FROM:5104733672   Page: 25

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>HERTZ LOCAL EDITION TRANSPORTING, INC., and DOES 1<br>through 100, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>Additional Parties Attachment form is attached. | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**FILED BY FAX**<br>ALAMEDA COUNTY<br><br>September 21, 2018<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Shabra Iyamu, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court, County of Alameda<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):* RG18921877 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jocelyn Burton, Burton Employment Law, 1939 Harrison St., Ste. 4 ... land, CA 94612, 510.350.7025

| | | |
|---|---|---|
| DATE: September 21, 2018<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HERTZ LOCAL EDITION TRANSPORTING, INC.

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 1-18-19

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

SUM-200(A)

| SHORT TITLE:<br>Belton v. Hertz Local Edition Transporting, Inc. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

TROY BELTON, individually, and on behalf of the general public, and as an "aggrieved employee" under the California Labor Code Private Attorney Generals Act

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

09/21/2018   13:25 PM PDT   TO:15102675739   FROM:5104733672   Page:   3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JOCELYN BURTON (SBN 135879)<br>BURTON EMPLOYMENT LAW<br>1939 Harrison Street, Ste. 400<br>Oakland, CA 94612<br>TELEPHONE NO.: (510) 350-7025     FAX NO.: (510) 473-3672<br>ATTORNEY FOR (Name): Plaintiff Troy Belton | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>September 21, 2018<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Shabra Iyamu, Deputy<br><br>CASE NUMBER:<br>**RG18921877** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME:
**BELTON v. HERTZ LOCAL EDITION TRANSPORTING, INC.**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount         (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[✓] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): 9, mininimum wage, meal and rest breaks, wage statements, overtime
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 21, 2018

Jocelyn Burton
_____
(TYPE OR PRINT NAME)                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: RG18921877
Case Title:    Belton VS Hertz Local Edition Transporting, Inc.
Date of Filing: 09/21/2018

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

|  |  |
|---|---|
| **Judge:** | **Michael M. Markman** |
| **Department:** | **16** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6932** |
| **Fax Number:** | |
| **Email Address:** | **Dept16@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Michael M. Markman
DEPARTMENT 16

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Courtesy copies of all law and motion papers filed with the Court are to be delivered directly to Department 16.

Tentative rulings for case management conferences can be viewed in the Register of Actions. The tentative ruling will become the order of the court if there is no appearance by any party. Any party submitting to a tentative ruling should contact all other parties before not appearing.

**Schedule for Department 16**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Trials commence with Pretrial Conferences held Friday from 9:00 a.m. to 12:00 p.m.  Trials are generally held Monday through Thursday from 9:30 a.m. to 12 p.m. and 1:30 p.m. to 4:20 p.m.

- Case Management Conferences are held:  Initial Case Management Conferences: Monday, Wednesday and Thursday at 9:00 a.m.  Case Management Conference Continuances: Monday through Thursday at 9:00 a.m.

- Law and Motion matters are heard:  Tuesday at 9:00 a.m. Reservations are required

- Settlement Conferences are heard:  When specially set by the department.

- Ex Parte matters are heard:  Monday through Thursday at 9:00 a.m.  Reservations are required.

**Law and Motion Procedures**

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:        Dept16@alameda.courts.ca.gov

- Ex Parte Matters
    Email:        Dept16@alameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 16

- Phone:  1-866-223-2244

Dated:  09/25/2018                  *Ley - S. Cornt*

                              Presiding Judge,
                    Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

         Executed on 09/26/2018

                              By   *Dannefer O. L.*
                                          Deputy Clerk

Burton Employment Law
Attn: Burton, Jocelyn
1939 Harrison Street, Ste. 400
Oakland, CA 94612____

## Superior Court of California, County of Alameda

| Belton | | No. RG18921877 |
| --- | --- | --- |
| | Plaintiff/Petitioner(s) | |
| VS. | | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| Hertz Local Edition Transporting, Inc. | | Unlimited Jurisdiction |
| | Defendant/Respondent(s) | |
| | (Abbreviated Title) | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 02/13/2019 Time: 09:00 AM | Department: 16 Location: **Administration Building Third Floor** 1221 Oak Street, Oakland CA 94612 Internet: **www.alameda.courts.ca.gov** | Judge: **Michael M. Markman** Clerk: **Ana Liza Tumionong** Clerk telephone: **(510) 267-6932** E-mail: **Dept16@alameda.courts.ca.gov** Fax: |
| --- | --- | --- |

## ORDERS

1. **Plaintiff must:**

   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. Give notice of this conference to all other parties and file proof of service.

2. **Defendant must respond as stated on the summons.**

3. **All parties who have appeared before the date of the conference must:**

   a. Meet and confer, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. File and serve a completed *Case Management Statement* on Form CM-110 at least 15 days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. Post jury fees as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 09/26/2018.

By _____

Deputy Clerk



## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                    Time:                    Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

   ☐ Court mediation      ☐ Judicial arbitration
   ☐ Private mediation    ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:
   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____       ▶ _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PLAINTIFF)

Date:

_____       ▶ _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court, rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF DEFENDANT)

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(e)(4)

09/21/2018    13:25 PM PDT    TO:15102675739    FROM:5104733672    Page:    4

JOCELYN BURTON, SBN 135879
SCOTT NAKAMA, SBN 296732
**BURTON EMPLOYMENT LAW**
1939 Harrison Street, Suite 400
Oakland, CA 94612
Ph: (510) 350-7025
Fax: (510) 473-3672
jburton@burtonemploymentlaw.com
snakama@burtonemploymentlaw.com

Attorneys for Plaintiff TROY BELTON

**FILED BY FAX**
ALAMEDA COUNTY

September 21, 2018

CLERK OF
THE SUPERIOR COURT
By Shabra Iyamu, Deputy

CASE NUMBER:
RG18921877

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| TROY BELTON, individually, and on behalf of the general public, and as an "aggrieved employee" under the California Labor Code Private Attorney Generals Act,<br><br>Plaintiff,<br><br>vs.<br><br>HERTZ LOCAL EDITION TRANSPORTING, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY<br>2. VIOLATION OF OAKLAND MUNICIPAL CODE § 5.92 *et seq.*<br>3. FAILURE TO PROVIDE REST AND MEAL BREAKS – PAGA<br>4. FAILURE TO PAY TIMELY WAGES – LABOR CODE § 204 – PAGA<br>5. FAILURE TO FURNISH COMPLETE AND ACCURATE ITEMIZED WAGE STATEMENTS – LABOR CODE § 226-PAGA<br>6. FAILURE PAY ALL WAGES DUE UPON TERMINATION – LABOR CODE § 203-PAGA<br>7. FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES – LABOR CODE § 2802 -PAGA<br>8. FAILURE TO PROVIDE OVERTIME PAY-PAGA<br>9. VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 et seq.<br><br>**JURY TRIAL DEMAND** |

COMPLAINT, BELTON vs. HERTZ LOCAL EDITION TRANSPORTING, INC., et al., Case No.

1

Plaintiff Troy Belton (hereinafter "Plaintiff") respectfully alleges as follows:

## PRELIMINARY STATEMENT

Plaintiff brings this action for monetary damages, injunctive relief and statutory and civil penalties under the California Labor Code.  Plaintiff seeks redress for his own injuries and for the injuries that he and other aggrieved employees sustained from Defendant Hertz Local Edition Transporting, Inc.'s ("Hertz") violations of the California Labor Code.

## VENUE

1.     Venue in this judicial district is proper under California Code of Civil Procedure § 395(a) because the injury to the Plaintiff occurred in Alameda County.

## PARTIES

2.     Plaintiff was at all times relevant herein employed in California and was an "employee" as defined by the California Labor Code and applicable Wage Order(s) of the Industrial Welfare Commission ("IWC").

3.     Defendant Hertz is a Corporation headquartered in Estero, Florida.  Defendant Hertz is a vehicle transporting service.  Defendant is an employer as defined by the California Labor Code, the applicable IWC Wage Order(s).

4.     Plaintiff is informed, believes, and based thereon alleges that at all times herein mentioned that DOES 1 through 100, are and were individuals, sole proprietorships, corporations, business entities, persons, and partnership, licensed to do business and/or doing business in the State of California.

5.     Plaintiff is unaware of the true names and capacities, whether informed or believed, and thereon alleges that Defendants are and were individual, corporate, associates or otherwise, of the defendants sued as DOES 1 through 100, inclusive.  They are unknown to Plaintiff and therefore sues them by such fictitious names.

COMPLAINT, BELTON vs. HERTZ LOCAL EDITION TRANSPORTING, INC., et al., Case No.

6.      Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants was acting as the agent, servant, employee, partner, and/or joint venturer of and was acting in concert with each of the remaining Defendants in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture, and/or concert of action.  Each Defendant, in doing the acts alleged, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

7.      Plaintiff will amend this complaint to allege the true capacities of each DOE Defendant when they become known to Plaintiff.   Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 100, inclusive, are indebted to Plaintiff as alleged, and that Plaintiff's rights against such fictitiously named Defendants arise from such indebtedness.

8.      Plaintiff is informed and believes and, on that basis, alleges that each Defendant sued, including each Defendant sued by the fictitious names DOES through 100, inclusive, is responsible and liable in some manner for the occurrences, controversies and damages alleged below.

9.      All references to "Defendant," "Defendants," "DEFENDANT," "DEFENDANTS," "company," "employer" or any similar language, whether singular or plural, will mean "Defendants Hertz; and Does 1 through 100, inclusive, and each of them, when used throughout this complaint.

## WAGE AND HOUR ALLEGATIONS

10.      Plaintiff was employed by Defendants as a Transporter at Hertz's location in downtown Oakland from approximately March 8, 2016 to July 20, 2017.  Throughout his employment, Plaintiff was a non-exempt employee earning approximately the City of Oakland, California minimum wage of $12.86 an hour.

11. Throughout his employment, Plaintiff's duties consisted of driving Defendants' customers to various locations after the customers purchased car rental and/or transportation services from Defendants.

12. Throughout his employment with Defendants, Plaintiff was required to use his personal cell phone to communicate with coworkers and supervisors. Moreover, throughout his employment, Plaintiff received instructions from his supervisors via his personal cell phone. Defendants did not provide Plaintiff with a phone or radio during his employment with Defendants. Defendants did not reimburse Plaintiff for the use of his personal cell phone required for the discharge of his duties.

13. Although Plaintiff held the job title of Transporter, Plaintiff was required to perform the duties of a utility worker for three hours each rate. When he performed the utility duties, Plaintiff was required to clean the interior of cars and check the air pressure of the tires of the vehicles. Although employees who performed utility duties were required to be paid a higher hourly rate than Transporters, Defendants failed to pay Plaintiff and other aggrieved employees the required hourly rate when they performed utility duties. As such Defendants failed to pay Plaintiff and other aggrieved employees all wages due and payable in violation of Labor Code § 204.

14. Plaintiff and other aggrieved employees were frequently denied all meal and rest breaks to which they were entitled. Plaintiff and other aggrieved employees were required to attend mandatory staff meetings once or twice a month. During the days of the mandatory staff meetings, Plaintiff and other aggrieved employees were not permitted to take meal breaks or rest periods. During the days of the mandatory staff meeting, Defendants did not compensate Plaintiffs with premium pay for missed meal and rest breaks.

COMPLAINT, BELTON vs. HERTZ LOCAL EDITION TRANSPORTING, INC., et al., Case No.

4

15.     Because Defendants did not pay Plaintiff and other aggrieved employees all the wages they earned, and because they did not compensate them with an hour of premium pay for all rest and meal breaks not provided, Defendants failed to pay Plaintiff and aggrieved employees all wages due and owing at the close of each pay period.

16.     As a result of Defendants crediting hours that he worked as unpaid time spent on meal breaks, Defendants failed to pay Plaintiff and other aggrieved employees with overtime and the City of Oakland minimum wage.

17.     During his employment, Defendants were required to pay Plaintiff and other aggrieved employees with "Trip Pay." Defendants, however, failed to consistently pay Plaintiff the agreed sick pay each period. Because Defendants failed to pay Plaintiff and other aggrieved employees with sick pay, their wage states did not accurately state the gross wages and net wages earned.

18.     Defendants provided Plaintiff and other aggrieved employees with wage statements that failed to comply with Labor Code § 226(a). The wage statements that Defendants paid to Plaintiff and other aggrieved employees failed to: (1) accurately state gross wages earned, (2) total hours worked by the employee, (3) net wages earned, and (4) applicable hourly rates. In addition, Defendants failed to provide Plaintiff with any wage statement at all for her final pay period.

19.     On or about July 20, 2017, Plaintiff resigned from his employment with Defendants. Defendants failed to provide Plaintiff with his final pay within 72 hours of his termination. Moreover, Plaintiff is informed and believes that Defendants failed to provide other aggrieved employees with their final pay upon termination or within 72 hours of resignation.

///

///

//

COMPLAINT, BELTON vs. HERTZ LOCAL EDITION TRANSPORTING, INC., et al., Case No.

5

## PRIVATE ATTORNEYS GENERAL ACT ALLEGATIONS

20.    The Labor Code Private Attorneys General Act of 2004 ("PAGA"), as set forth at Labor Code section 2698 et seq., is and at all times relevant, was applicable to Plaintiff's employment with Defendants.

21.    Pursuant to Labor Code section 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code section 2699.3.

22.    Plaintiff was employed by Defendants, and the alleged violations were committed against him in relation to his employment with Defendants.  Plaintiff is, therefore, an aggrieved employee as defined by Labor Code section 2699(c).  Other employees, current and former, are also aggrieved employees in that one or more of the alleged violations were also committed against them in relation to their employment with Defendants.

23.    Pursuant to Labor Code section 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed.  Furthermore, any employee who prevails in any such action shall be entitled to an award of reasonable attorney's fees and costs.

24.    Pursuant to Labor Code section 2699.3, an aggrieved employee may pursue a civil action under the PAGA after the following requirement have been met:

    a.    The aggrieved employee has provided written notice by online filing to the LWDA and by certified mail to the employer (hereinafter "Employee's Notice") of the

COMPLAINT, BELTON vs. HERTZ LOCAL EDITION TRANSPORTING, INC., et al., Case No.

6

1     specific provisions of the Labor Code alleged to have been violated, including the

2     facts and theories to support the alleged violations; and

3     b.   The LWDA has provided notice (hereinafter "LWDA's Notice") to the employer and

4     the aggrieved employee by certified mail that it does not intend to investigate the

5

6     employee's claims.  Upon receipt of the LWDA's Notice, or if the LWDA does not

7     provide such Notice within 65 calendar days of the postmark date of the Employee's

8     Notice, the aggrieved employee may commence a civil action pursuant to Labor Code

9     section 2699 to recover civil penalties in addition to any other penalties to which the

10     employee may be entitled.

11

12     25.    On October 20, 2017, Plaintiff provided written notice by online filing to the LWDA

13 and by certified mail to Hertz Local Edition Transporting, Inc. of specific provisions of the Labor

14 Code alleged to have been violated by Hertz Local Edition Transporting, Inc., including the facts and

15 theories to support the alleged violations.

16

17     26.    As of September 20, 2018, the LWDA has not provided Plaintiff with written notice

18 that it intends to investigate the alleged violations of the Labor Code.  Accordingly, Plaintiff has

19 satisfied the administrative prerequisites under Labor Code section 2699.3 to bring a civil action to

20 recover civil penalties under the PAGA, in addition to other remedies.

21     27.    Pursuant to Labor Code section 2699.3(d), the aforementioned 65-day "exhaustion

22 period" is not counted as part of the time limited for the commencement of a civil action to recover

23 civil penalties under the PAGA.

24

25 ///

26 ///

27 ///

28

COMPLAINT, BELTON vs. HERTZ LOCAL EDITION TRANSPORTING, INC., et al., Case No.

7

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY
### Against All Defendants

28.     Plaintiff incorporates the allegations of Paragraph 1 through 27 by reference.

29.     Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to the case of *Tameny v. Atlantic Richfield Company* (1980) 27 Cal.3d 167 and *Rojo v. Kliger* (1990) 52 Cal.3d 65.

30.     Under California law, there is a fundamental and well-established public policy prohibiting employers from failing to pay employees all wages due and payable to them.  Said public policies are embodied in the Constitution of the State of California and in California statutes, particularly the California Labor Code.

31.     Plaintiff was subjected to working conditions that violated public policy, in that Defendants failed to pay her the overtime wages, premium pay, reimbursement and minimum wages due to him.

32.     Because of Defendants' constructive discharge in violation of public policy, Plaintiff suffered economic and emotional distress damages.

33.     In doing the acts herein alleged, Defendants acted with oppression, fraud, malice and in conscious disregard of Plaintiff's rights, and Plaintiff is entitled to punitive damages in an amount according to proof at trial.

34.     Plaintiff has incurred and continues to incur legal expenses in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for relief and judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### VIOLATION OF OAKLAND MUNICIPAL CODE § 5.92 *et seq.*
### (Failure to Pay Minimum Wage – Oakland)
### Against Defendants

35.    Plaintiff incorporates the allegations of Paragraphs 1 through 27 by reference.

36.    Pursuant to Oakland Municipal Code Labor Code § 5.92.02, the minimum wage for hours worked within the geographic boundaries of Oakland, CA from January 2016 through December 31, 2016, was $12.55 per hour.  From January 1, 2017 until December 31, 2017, the minimum wage for hours worked within the geographic boundaries of Oakland, CA was $12.86 per hour.

37.    By requiring Plaintiff and other aggrieved employees to work off the clock, Defendants intentionally failed to pay Plaintiff and other aggrieved employees the Oakland, California minimum wage.

38.    California Labor Code § 1194(a) provides:

(a)  Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

39.    California Labor Code § 1197.1(a) provides the following:

(a)  Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

(1)  For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period in which the employee is underpaid.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

COMPLAINT, BELTON vs. HERTZ LOCAL EDITION TRANSPORTING, INC., et al., Case No.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. The amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee. If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law.

40.     Plaintiff has been injured and requests relief.  Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of himself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

## THIRD CAUSE OF ACTION
### VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512
### (Failure to Provide Rest and Meal Breaks – PAGA)
### Against Defendants

41.     Plaintiff incorporates the allegations of Paragraphs 1 through 27 by reference.

42.     Labor Code section 226.7 provides "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.  If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour

of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

43.    Labor Code section 512(a) provides, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

44.    Plaintiff and other aggrieved employees were not provided the opportunity to take meal and rest breaks, as required.

45.    Labor Code § 558 provides as follows:

(a)  Any employer or other persons acting on behalf of an employer who violates or causes to be violated, a section of this chapter or any provision regulating hours and days of work in this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1)  For any initial violation, fifty dollars ($50) for each underpaid employee for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2)  For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3)  Wages recovered pursuant to this section shall be paid to the affected employee.

46.    Plaintiff has been injured and requests relief.  Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved

1 employee on behalf of himself and, as a proxy for the LWDA, on behalf of Defendants' other

2 current and former employees.

### FOURTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE § 204
#### (Failure to Timely Pay Wages – PAGA)
#### Against Defendants

47.    Plaintiff incorporates the allegations of Paragraphs 1 through 27 by reference.

48.    Labor Code section 204 provides "[a]ll wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

49.    During the relevant time period, Defendants failed to pay Plaintiff in a timely manner his wages earned, in violation of Labor Code section 204.

50.    Pursuant to Labor Code section 218.5, in any action brought for the nonpayment of wages, fringe benefits, or health and welfare pension fund contributions, a prevailing plaintiff shall be entitled to an award of attorney's fees and costs if requested upon the initiation of the action.

51.    Plaintiff has been injured and requests relief.  Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of himself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

///

///

///

**FIFTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 226(a), 226.3**
**(Failure to Furnish Complete and Accurate Itemized Wage Statements – PAGA)**
**Against Defendants**

52.    Plaintiff incorporates Paragraphs 1 through 27 by reference.

53.    Labor Code section 226(a) provides "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing [. . .] (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, [. . .] (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown on one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer [. . .] and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee[.]"

54.    An employee suffering injury as the result of a knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.  Labor Code § 226(e)(1).

1    55.    An employee is deemed to suffer injury if the employer fails to provide a wage

2    statement or if the employer fails to provide accurate and complete information as required by any

3    one or more of the items (1) through (9), inclusive, of subdivision (a) of Labor Code section 226 and

4    the employee cannot promptly and easily determine from the wage statement alone:  (i) the amount of

5    the gross wages or net wages paid to the employee during the pay period or any of the other

6    information required to be provided on the itemized wage statement pursuant to items (2) to (4),

7    inclusive, (6), and (9) of subdivision (a); (ii) which deductions the employer made from gross wages

8    to determine the net wages paid to the employee during the pay period; (iii) the name and address of

9    the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section

10    1682, the name and address of the legal entity that secured the services of the employee during the

11    pay period; and (iv) the name of the employee and only the last four digits of his or her social

12    security number or an employee identification number other than a social security number.  Labor

13    Code § 226(e)(2)(A), (e)(2)(B)(i)-(iv).  "Promptly and easily determine" means a reasonable person

14    would be able to readily ascertain the information without reference to other documents or

15    information.  Labor Code § 226(e)(2)(C).

16    56.    During the relevant time period(s) and as set forth above, Defendants failed to provide

17    accurate and complete itemized wage statements to Plaintiff, in violation of Labor Code section

18    226(a).

19    57.    Labor Code section 226.3 provides the following in pertinent part: "[a]ny employer

20    who violates subdivision (a) Section 226 shall be subject to a civil penalty in the amount of two

21    hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars

22    ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to

23    provide the employee a wage deduction statement or fails to keep the records required in subdivision

COMPLAINT, BELTON vs. HERTZ LOCAL EDITION TRANSPORTING, INC., et al., Case No.

14

1   (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty

2   provided by law.

3       58.     Defendants failed to provide Plaintiff wage deductions statements and failed to keep

4   the records required by Labor Code section 226(a).

5

6       59.     Wherefore, Plaintiff has been injured as set forth above and requests relief as hereafter

7   provided. Plaintiff also hereby requests the civil penalties, attorney's fees, and costs recoverable in a

8   civil action brought by an aggrieved employee on behalf of himself and, as a proxy for the LWDA,

9   on behalf of Defendants' other current and former employees.

10                          **SIXTH CAUSE OF ACTION**
                        **VIOLATION OF LABOR CODE §§ 201, 202**
11                  **(Failure to Pay All Wages Upon Termination - PAGA)**
12                                  **Against Defendants**

13      60.     Plaintiff incorporates Paragraphs 1 through 27 by reference.

14
        61.     At all relevant times set forth, California Labor Code § 201 and 202 provide that if an
15
16  employer discharges an employee, the wages earned and unpaid at the time of discharge are due and

17  payable immediately, and if an employee voluntarily leaves his or her employment, his or her wages,

18  will become due by seventy-two (72) hours thereafter, unless the employee has given seventy-two

19  (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his
20
    or her wages at the time of quitting.
21
22      62.     During the relevant time period, Defendants willfully failed to pay Plaintiff and other

23  employees their wages, earned and unpaid, either at the time of discharge or within seventy-two (72)

24  hours of their leave Defendants' employ.

25      63.     California Labor Code § 203 provides that if an employer willfully fails to pay wages
26
    owed, under §§ 201 and 203, then the wages of the employee will continue as a penalty from the due
27

28

COMPLAINT, BELTON vs. HERTZ LOCAL EDITION TRANSPORTING, INC., et al., Case No.
15

1 │ date, at the same rate until paid or until an action is commenced, but wages will not continue for over

2 │ thirty (30) days.

3 │       64.     Under Labor Code section 218.5, in any action brought for the nonpayment of wages,

4 │
5 │ fringe benefits, or health and welfare pension fund contributions, a prevailing plaintiff shall be

6 │ entitled to an award of attorney's fees and costs if requested upon the initiation of the action.

7 │       65.     Wherefore, Plaintiff has been injured as set forth above and requests relief as hereafter

8 │ provided.  Plaintiff also hereby requests the civil penalties, attorney's fees, and costs recoverable in a

9 │ civil action brought by an aggrieved employee on behalf of himself and, as a proxy for the LWDA,

10 │ on behalf of Defendants' other current and former employees.

11 │
12 │ **SEVENTH CAUSE OF ACTION**
   │ **VIOLATION OF LABOR CODE §§ 2802**
13 │ **(Failure to Reimburse for Business Expenses - PAGA)**
   │ **Against Defendants**
14 │
15 │       66.     Plaintiff incorporates Paragraphs 1 through 27 by reference.

16 │       67.     California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her

17 │ employee for all necessary expenditures or losses incurred by the employee in direct consequence of

18 │ the discharge of his or her duties."

19 │       68.     At set forth above and during the relevant time period, Defendants failed to indemnify

20 │
21 │ and reimburse Plaintiff and California employees for all necessary expenditures or losses incurred in

22 │ direct consequence of discharge of duties, or of obedience to the directions of Defendants.

23 │       69.     Wherefore, Plaintiff has been injured and request relief as provided.  Plaintiff also

24 │ requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an

25 │ aggrieved employee on behalf of himself and, as a proxy for the LWDA, on behalf of Defendants'

26 │ other current and former employees.

27 │
28 │

## EIGHTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE SECTION 510
#### (Failure to Pay Overtime – PAGA)
#### Against Defendant

70.    Plaintiff incorporates Paragraphs 1 through 27 by reference.

71.    Pursuant to Labor Code section 510, "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.   In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

72.    During the relevant time period, Defendant failed to pay Plaintiff the overtime wages due and owing.

73.    Plaintiff has been injured and requests relief.  Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of himself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

## NINTH CAUSE OF ACTION
#### (Violation of California Business & Professions Code §§ 17200, et seq.)
#### (Against All Defendants)

74.    Plaintiff incorporates the allegations of Paragraphs 1 through 27 by reference.

75.    Defendants' conduct, as alleged, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other aggrieved employees and to the general public, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

76.  Defendants' activities, as alleged here, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, et seq.

77.  A violation of California Business & Professions Code §§ 17200 et seq. may be predicated on violating state or federal law. Defendants' policies and practices of requiring hourly paid employees, including Plaintiff and other aggrieved, to work overtime without paying them proper compensation violate California Labor Code §§ 510 and 1194. Defendants' policies of failing to provide Plaintiff and other aggrieved employees with rest periods and meal breaks violate Labor Code §§ 226.7, 512 and the applicable wage orders. Further, Defendants' policies of paying Plaintiff and other aggrieved less than the minimum wage and failing to compensate them for necessary expenditures and losses incurred by them in direct consequence of the discharge of their duties violate California Labor Laws.

78.  Plaintiff and other aggrieved employees have been injured by Defendants' unlawful business acts and practices as alleged, including but not limited to the loss of money or property.

79.  Under California Business & Professions Code §§ 17200 et seq., Plaintiff and aggrieved employees are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to filing this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and aggrieved employees, an award of attorneys' fees under California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

As to the First Cause of Action:

1.    For a monetary judgment representing compensatory damages including lost wages, earnings, employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2.    For an award of punitive damages;

3.    For a monetary judgment for emotional pain and suffering, according to proof;

4.    For prejudgment and post-judgment interest; and

5.    For any further relief that is just and proper.

As to the Second Cause of Action:

1.    For unpaid wages, liquidated damages, prejudgment interest, reasonable attorney's fees and costs of suit under Labor Code §§ 218.5,1194(a), 1194.2(a).

2.    For statutory penalties, including those available under Labor Code section 203;

3.    For civil penalties under Labor Code §§ 1197.1(a), 2699(a) and

4.    For such other and further relief as the court deems just and proper.

As to the Third Cause of Action:

1.    For unpaid wages and penalties pursuant to Labor Code § 558;

2.    For attorneys' fees and costs pursuant to Labor Code §§ 218.5, 2699; and

3.    For such other and further relief as the court deems just and proper.

As to the Fourth Cause of Action:

1.    For civil penalties under Labor Code § 2699(a);

2.    For attorneys' fees and costs under Labor Code § 2699(g); and

COMPLAINT, BELTON vs. HERTZ LOCAL EDITION TRANSPORTING, INC., et al., Case No.

1    3.    For such other and further relief as the court deems just and proper.

2    As to the Fifth Cause of Action:

3    1.    Statutory penalties under Labor Code § 226(e);

4    2.    Civil Penalties under Labor Code §§ 226.3 and 2699(a);

5

6    3.    Attorneys' fees and costs under Labor Code § 2699(g); and

7    4.    For such other and further relief as the court deems just and proper.

8    As to the Sixth Cause of Action:

9    1.    For unpaid wages, including those statutory penalties under Labor Code § 203;

10

11   2.    For attorneys' fees and costs pursuant to Labor Code §§ 218.5, 2699; and

12   3.    For such other and further relief as the court deems just and proper

13   As to the Seventh Cause of Action:

14   1.    Reimbursement of necessary expenditures, prejudgment interest, attorneys' fees and

15        costs under Labor Code §§ 2699(g), 2802;

16   2.    Civil penalties under Labor Code § 2699(a); and

17
     3.    For such other relief as the court deems just and proper.
18

19   As to the Eighth Cause of Action:

20   1.    For unpaid wages, prejudgment interest, reasonable attorney's fees and costs of suit

21        under Labor Code §§ 218.5,1194(a), 1194.2(a).

22   2.    For statutory penalties, including those available under Labor Code section 203;

23
     3.    For civil penalties under Labor Code §§ 558, 1197.1(a), 2699(a) and
24

25   4.    For such other and further relief as the court deems just and proper.

26   As to the Ninth Cause of Action:

27   1.    For restitution under Business & Professions Code § 17203;

28

COMPLAINT, BELTON vs. HERTZ LOCAL EDITION TRANSPORTING, INC., et al., Case No.

20

1     2.    For prejudgment interest;

2     3.    For attorneys' fees and costs; and

3     4.    For such other and further relief as the court deems just and proper.

4

5                                **BURTON EMPLOYMENT LAW**

6

7 Dated: September 21, 2018        By: _____

8                                  JOCELYN BURTON
                                     Attorney for Plaintiff
                                     TROY BELTON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT, BELTON vs. HERTZ LOCAL EDITION TRANSPORTING, INC., et al., Case No.

21

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JOCELYN BURTON (SBN 135879) & Scott S. Nakama (SBN 296732)<br>Burton Employment Law<br>1939 Harrison Street, Suite 400, Oakland, CA 94612 | |

TELEPHONE NO.: 510-350-7025    FAX NO. (Optional): 510-473-3672

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): Plaintiff Troy Belton

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda

STREET ADDRESS: 1225 Fallon Street

MAILING ADDRESS:

CITY AND ZIP CODE: Oakland, CA 94612

BRANCH NAME:

PLAINTIFF/PETITIONER: Troy Belton

DEFENDANT/RESPONDENT: HERTZ LOCAL EDITION TRANSPORTING INC.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☑ UNLIMITED CASE     ☐ LIMITED CASE<br>(Amount demanded         (Amount demanded is $25,000<br>exceeds $25,000)          or less) | RG18921877 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: 2/13/19          Time: 9 am          Dept.: 16          Div.:          Room:

Address of court (if different from the address above):

☑ Notice of Intent to Appear by Telephone, by (name): Scott S. Nakama and Jocelyn Burton

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** (answer one):
    a. ☑ This statement is submitted by party (name): Troy Belton
    b. ☐ This statement is submitted jointly by parties (names):

2.  **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
    a. The complaint was filed on (date): 9/21/18
    b. ☐ The cross-complaint, if any, was filed on (date):

3.  **Service** (to be answered by plaintiffs and cross-complainants only)
    a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b. ☐ The following parties named in the complaint or cross-complaint
        (1) ☐ have not been served (specify names and explain why not):
        (2) ☑ have been served but have not appeared and have not been dismissed (specify names):
            HERTZ LOCAL EDITION TRANSPORTING INC.
        (3) ☐ have had a default entered against them (specify names):
    c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4.  **Description of case**
    a. Type of case in ☑ complaint     ☐ cross-complaint     (Describe, including causes of action):
       Plaintiff alleges individual claims and claims as an aggrieved employee pursuant to the CA Private Attorneys General Act including Defendant's failure to provide breaks, failure to reimburse for business expenses, failure to issue accurate wage statements, failure to pay overtime,  and failure to timely pay employees

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Troy Belton | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: HERTZ LOCAL EDITION TRANSPORTING INC. | RG18921877 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff was not paid premium pay for missed breaks, overtime wages, and the use of his phone. He was paid below the City of Oakland minimum wage. Defendant issued non-complaint wage statements. Plaintiff estimates damages of $10,000 in premium pay, $8,000 in overtime, $5,000 in minimum wages, $4000 for non-complaint wage statements, and $3,472 in statutory penalties. Plaintiff is unable to estimate the amount of civil penalties on behalf of other employees without discovery.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
Discovery has not begun yet.  Defendant was served on January 18, 2019.
c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
See attachment.

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☑ days *(specify number):* 7
b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
☐ Additional representation is described in Attachment 8.
f.  Fax number:
g.  Party represented:

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Troy Belton<br>DEFENDANT/RESPONDENT: HERTZ LOCAL EDITION TRANSPORTING INC. | CASE NUMBER:<br>RG18921877 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Troy Belton | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   HERTZ LOCAL EDITION TRANSPORTING INC. | RG18921877 |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
   action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Depositions | 2/2020 |
| Plaintiff | Written Discovery | 2/2020 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are
   anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | Troy Belton | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | HERTZ LOCAL EDITION TRANSPORTING INC. | RG18921877 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*
Defendant was served on January 18, 2019 and has not yet appeared in this case.

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):*    2

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 29, 2019

Scott S. Nakama
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

# Attachment

6c. Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

2/5/19 (hearing), 2/6/19 (deposition), 2/7/19 (deposition), 2/8/19 (deposition), 2/8/19 (mediation), 2/13/19 (hearing), 2/14/19 (deposition), 2/15/19 (hearing), 2/19/19 (deposition), 2/20/19 (hearing), 2/21/19 (hearing), 2/22/19 (hearing), 2/25/18 (mediation), 2/26/19 (hearing), 2/26/19 (hearing), 2/27/19 (hearing), 3/1/19 (hearing), 3/4/19 (deposition), 3/5/19 (deposition), 3/6/19 (hearing), 3/7/19 (hearings), 3/11/19 (hearing), 3/12/19 (hearing), 3/19/19 (hearing), 3/21/19 (hearing), 3/22/19 (hearing), 3/27/19 (hearing), 3/28/19 (mediation), 4/4/19 (deposition), 4/10 (deposition), 4/11 (deposition), 4/15/19 (hearing), 4/17/19 (hearing), 4/24-4/26/19 (meetings), 4/29/19 (mediation), 5/2/19 (hearing), 5/6/19 (hearing), 5/7/19 (hearing), 5/10/19 (mediation), 5/13-5/23/19 (trial), 5/24-6/4/19 (vacation), 6/11/19 (hearing), 6/26-6/28/19 (meeting), 7/1-7/15/19 (trial), 7/30/19 (hearing), 7/31/19 (hearing), 8/1/19 (settlement conference), 8/6/19 (hearing), 8/12-8/16/19 (trial), 9/30-10/4/19 (trial), 10/15/19 (hearing), 10/21-10/28/19 (trial), 11/4/19 (hearing), 11/11-11/22/19 (trial), 12/2-12/13/19 (trial), 12/16-1/13/2020 (trial), 1/14/20 (hearing), 1/29-2/2/20 (meetings), 2/3/20- 2/14/20 (hearing), 2/20/20 (hearing), 2/24/20 (hearing), 2/27/20 (hearing), 3/2/20-3/10/20 (trial), 3/23/20- 3/27/20 (arbitration), 4/22/20 (hearing), 4/23/20 (hearing), 4/30/20 (hearing), 5/4/20 (Hearing), 5/11/20 (settlement conference), 5/18-5/27/20 (trial), 6/5-6/12/20 (trial), 6/18/20 (hearing), 6/24-6/29/20 (meetings), 8/3/20-8/14/20 (arbitration), 8/21/20 (hearing), 9/14/20-9/25/20 (trial), 10/5/20-10/14/20 (trial), 10/23/20 (hearing), and 11/30-12/11/20 (trial)

1      **PROOF OF SERVICE**

2      I, Scott S. Nakama declare:

3      I am employed in Alameda County, California. I am over 18 years of age and I am not a

4

5      party to this action. My business address is Burton Employment Law, 1939 Harrison Street, Suite

6      400, Oakland, CA 94612. On January 29, 2019, I served a copy of the attached:

7      **PLAINTIFF'S CASE MANAGEMENT STATEMENT**

8      by depositing a true copy thereof enclosed in a sealed envelope addressed as follows:

9              CT CORPORATION SYSTEM
               Agent for HERTZ LOCAL EDITION TRANSPORTING, INC
10              818 West Seventh Street, STE 930
               Los Angeles, CA 90017
11

12          **X**     BY REGULAR MAIL: I caused such envelopes to be deposited in the United States
        mail at Oakland, California, with postage prepaid.
13

14          □     BY FACSIMILE: (C.C.P. § 1013(e)(f)).

15          □     BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier,
                  with next day service, to the offices of the addresses. (C.C.P. § 1013(c)(d)).
16

17          □     BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the
                  offices of the addresses. (C.C.P. § 1011(a)(b)).
18

19          □     BY ELECTRONIC SERVICE: I caused such documents to be electronically served
                  to all parties. (C.C.P. § 1010.6)
20

21

22      I declare, under penalty of perjury under the laws of California that the foregoing is true and

23      correct and this declaration was executed on January 29, 2019 at Oakland, California.

24

25                                                  _____
                                                    Scott Nakama
26

27

28

PLAINTIFF'S PROOF OF SERVICE, BELTON vs. HERTZ LOCAL EDITION TRANSPORTING, INC., et al., Case
No.

# EXHIBIT B

Robert A Dolinko, State Bar No. 76256
rdolinko@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
Tel: 415-984-8200
Fax: 415-984-8300

Attorneys for Defendant
HERTZ LOCAL EDITION TRANSPORTING,
INC.

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 3 2019

SUE PESKO

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| TROY BELTON, individually, and on behalf of the general public, and as an "aggrieved employee" under the California Labor Code Private Attorney Generals Act,<br><br>                       Plaintiffs,<br><br>vs.<br><br>HERTZ LOCAL EDITION TRANSPORTING, INC.; and DOES 1 through 100, inclusive,<br><br>                       Defendants. | Case No. RG18921877<br><br>**CLASS ACTION**<br><br>**DEFENDANT HERTZ LOCAL EDITION TRANSPORTING, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Filed: Sept. 21, 2018 |

Defendant Hertz Local Edition Transporting, Inc. ("Defendant") answers, with affirmative defenses, Plaintiff Troy Belton's unverified Complaint for Damages ("Complaint"), as follows:

**GENERAL DENIAL**

Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Defendant denies each and every allegation in the Complaint, and further denies that Plaintiff, or any current or former employee on whose behalf he purports to bring this action, has been damaged, sustained any damages, suffered any violation of the Labor Code as alleged, or is entitled to recover any civil penalties, statutory penalties, attorney's fees, costs or any form of legal or equitable relief in any amount, as a result of the conduct alleged.

4840-5946-1256.2

**AFFIRMATIVE DEFENSES**

Defendant asserts the affirmative defenses set forth herein.  By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim For Relief)**

1.     The Complaint, and each purported cause of action alleged therein, fails to state a claim or claims upon which relief may be granted against Defendant and fails to allege facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

2.     The causes of action asserted in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, including without limitation those set forth in California Code of Civil Procedure Sections 337, 338(a), 339, 340(a) and 343, Labor Code section 203(b) and California Business and Professions Code Section 17208.

**THIRD AFFIRMATIVE DEFENSE**
**(No Standing)**

3.     Defendant is informed and believes, and on that basis alleges, that Plaintiff lacks standing to sue on behalf of himself or the purported class of others similarly situated, or any aggrieved employees, with respect to all or some of their causes of action in the Complaint or the requested relief.

**FOURTH AFFIRMATIVE DEFENSE**
**(Laches)**

4.     Defendant is informed and believes, and on that basis alleges that Plaintiff's causes of action are barred, in whole or in part, due to Plaintiff's unreasonable delay in notifying Defendant of the alleged actionable wrongs, which delay has resulted in prejudice to Defendant.

**FOURTH AFFIRMATIVE DEFENSE**
**(Waiver/Estoppel/Unclean Hands)**

5.      Defendant is informed and believes, and on that basis alleges that Plaintiff's causes of action are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands, including without limitation, because the acts alleged in the Complaint to be unlawful occurred, if at all, as a result of conduct, omissions, and/or with the consent and voluntary participation of Plaintiff and the purported class members/aggrieved employees.

**SIXTH AFFIRMATIVE DEFENSE**
**(Good Faith Wage Dispute)**

6.      Although Defendant denies that it owes any amounts to Plaintiff or the purported class members/aggrieved employees, if it should be determined that amounts are owed, Defendant is informed and believes, and on that basis alleges that at all times relevant hereto a reasonable good faith dispute existed as to whether any such amounts were owed to Plaintiff and the purported class/aggrieved employees, pursuant to Labor Code Section 203 and/or Title 8, Section 13520 of the California Code of Regulations.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Speculative Damages)**

7.      Defendant is informed and believes, and on that basis alleges that the claims for damages of Plaintiff and the purported class members/aggrieved employees are barred, in whole or in part, because they are speculative and uncertain.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

8.      Defendant is informed and believes, and on that basis alleges that Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff and/or the purported class members/aggrieved employees failed to mitigate, minimize, or avoid the damages alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE
#### (Failure To Exhaust Administrative Remedies)

9.      Defendant is informed and believes, and on that basis alleges that some or all of the purported causes of action of the Complaint are barred by Plaintiff's failure to have invoked and/or exhausted administrative remedies.

### TENTH AFFIRMATIVE DEFENSE
#### (Consent)

10.     Defendant is informed and believes, and on that basis alleges that Plaintiff was provided with and had the opportunity to take meal periods or rest periods, but chose not to do so.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Failure To Obtain Valid Wage Assignment)

11.     Defendant is informed and believes, and on that basis alleges that Plaintiff, as a representative for the other class members/aggrieved employees, may not pursue an unpaid wage claim on behalf of the other class members/aggrieved employees because he failed to obtain a valid wage assignment for each of the other class members/aggrieved employees.  Cal. Lab. Code § 300.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Failure To Meet Requirements For Class Action)

12.     Defendant is informed and believes, and on that basis alleges that Plaintiff's claims will not support class treatment because: they do not raise questions of law or fact that predominate over individual legal or factual issues; they are not typical of the claims of the putative class; Plaintiff is not an adequate or proper representative of the putative class; and/or the action fails to satisfy the legal standards for a class action.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (No Damage)

13.     Defendant is informed and believes, and on that basis alleges, that Plaintiff cannot show any damage or harm as a result of any alleged improper or inaccurate wage statements.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Fifth and Fourteenth Amendments)

14.    The claims of Plaintiff and the putative class members/aggrieved employees for penalties are barred and/or limited by the Fifth and Fourteenth Amendments to the United States Constitution and by the California Constitution, which guarantees Defendant the right to substantive and procedural due process of law.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Lack of Willfulness)

15.    Any failure to provide itemized wage statements in accordance with Labor Code section 226 (which Defendant denies occurred) was not a knowing or intentional violation, and thus no penalty may be imposed.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Waiver of Meal and Rest Periods)

16.    Defendant is informed and believes, and on that basis alleges that Plaintiff and/or some of the putative class members/aggrieved employees and/or any of them, waived meal periods and/or rest periods as permitted by law, and that such claims are therefore barred under the doctrine of waiver.  Specifically, on some occasions Plaintiff and/or some of the putative class members/aggrieved employees agreed, expressly or impliedly, that on specific days they would waive their right to their meal and/or rest periods.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance)

17.    Defendant is informed and believes, and on that basis alleges, that Plaintiff's causes of action and claims for damages and/or penalties are barred, or any such award of damages or penalties must be reduced, because Defendant substantially complied with the applicable requirements of the California Labor Code and applicable Industrial Welfare Commission Wage Orders.

HERTZ LOCAL EDITION TRANSPORTING, INC.'S ANSWER TO COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Excessive Civil Penalties)

18.     Although Defendant denies that it is liable to Plaintiff, or any aggrieved employees whom Plaintiff purports to represent, for penalties under the Labor Code Private Attorneys General Act ("PAGA"), in the event Plaintiff should be awarded any such penalties for himself and/or other purportedly aggrieved employees as alleged in the Complaint, then Defendant is informed and believes, and on that basis alleges that any such award is barred, or should be reduced, on the grounds that it would be unjust, arbitrary, oppressive, or confiscatory within the meaning of California Labor Code section 2699(e)(2).

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Waiver of Additional Defenses)

19.     As a separate affirmative defense, Defendant presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, but as yet unstated, affirmative defenses available.  Defendant reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may or will be available following clarification of Plaintiff's Complaint through discovery, or through further analysis of Plaintiff's claims in this litigation.

WHEREFORE, Defendant prays judgment as follows:

1.     That the Complaint be dismissed with prejudice and in its entirety, and that Plaintiff and the purported class members/aggrieved employees take nothing thereby;

2.     That Defendant be awarded their costs of suit, including reasonable attorneys' fees; and

///

///

///

///

///

///

4840-5946-1256.2

- 6 -

HERTZ LOCAL EDITION TRANSPORTING, INC.'S ANSWER TO COMPLAINT

1     3.      That Defendant be awarded such other and further relief as the Court deems just

2   and proper.

3   DATED:  February 13, 2019                    NIXON PEABODY LLP

4

5                                                By:  _Robert A. Dolinko_____

6                                                     Robert A. Dolinko
                                                      Attorneys for Defendant
7                                                     HERTZ LOCAL EDITION
                                                      TRANSPORTING, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HERTZ LOCAL EDITION TRANSPORTING, INC.'S ANSWER TO COMPLAINT

1

## PROOF OF SERVICE BY MAIL

2   **CASE NAME:  Troy Belton v Hertz Local Edition Transporting, Inc.**
    **COURT:        Alameda County Superior Court**
3   **CASE NO.:     RG 1891877**
    **C/M NO.:      412307/000237**

4

5       I am a citizen of the United States and employed in San Francisco County, California. I
    am over the age of eighteen years and not a party to the within-entitled action. My business
6   address is One Embarcadero Center, 32nd Floor, San Francisco, CA 94111. I am readily familiar
    with this firm's practice for collection and processing of correspondence for mailing with the
7   United States Postal Service. On this day, I placed with this firm at the above address for deposit
    with the United States Postal Service a true and correct copy of the within document(s):

8
        **DEFENDANT HERTZ LOCAL EDITION TRANSPORTING, INC.'S**
9           **ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

10  in a sealed envelope, postage fully paid, addressed as follows:

11          Joycelyn Burton, Esq.                    *Attorneys for Plaintiff Troy Belton*
            Scott Nakama, Esq.
12          BURTON EMPLOYMENT LAW
            1939 Harrison Street, Suite 400
13          Oakland, CA 94612
            Ph: 510.350.7025
14          Fax: 510.473.3672
            jburton@burtonemploymentlaw.com
15          snakama@burtonemploymentlaw.com
16

17      Following ordinary business practices, the envelope was sealed and placed for collection
    and mailing on this date, and would, in the ordinary course of business, be deposited with the
18  United States Postal Service on this date.

19      I declare under penalty of perjury that the foregoing is true and correct. Executed on
    February 13, 2019, at San Francisco, California.
20

21

22                                                      _____
                                                                    Iris P Leal
23

24
    4851-1866-3816.1
25

26

27

28

                                                                        PROOF OF SERVICE